## MALONE v. STATE,
### No. 24976.

Court of Criminal Appeals of Texas.
Nov. 15, 1950.

Theo Ash, W. E. Martin, Abilene, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant was charged with an aggravated assault upon Mrs. Alice Grimes in said county by driving and operating a motor vehicle, to-wit, an automobile, which collided with an automobile driven by Mrs. Alice Grimes, and thereby causing injury to the person of the said Mrs. Alice Grimes, etc. Upon his conviction, appellant was fined the sum of $500.00 and sentenced to imprisonment in the county jail for one year and one day.

The testimony is brief and shows that someone was driving an Oldsmobile commercial car at a high rate of speed on a certain highway in Tom Green County; that this car overtook and struck Mrs. Grimes' Plymouth automobile in which she was traveling at a moderate rate of speed, knocking her car along the road and off into a creek bed, where it overturned. She received several injuries in such collision including a broken collar bone. The speed of the striking automobile was shown to have been excessive. There was a car following the speeding car, and the driver of this car was unable to see who was driving the speeding car. He responded to the cries of Mrs. Grimes for help.

The Oldsmobile car was wrecked, but the driver thereof seems to have left the scene unidentified, but his identity was endeavored to be established by means of a comparison of handwriting, the number of the car, and the application for its registration, as well as appellant's signature upon a bail bond herein; also from a certain report made to the Department of Public Safety as required by Art. 6687b, Sec. 39, Vernon's Revised Civil Statutes.

It is contended that Section 42 of Art. 6687b, R.C.S., prohibits the introduction or use of the report called for by the above statute in any trial, civil or criminal, arising out of such accident, etc. Said Section 42, supra, reads as follows: "All required accident reports and supplemental reports shall be without prejudice to the individual so reporting and shall be for the confidential use of the Department except that the Department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident. No such report shall be used as evidence in any trial, civil or criminal, arising out of such accident, except that the Department shall furnish upon request of any person who has, or claims to have, made such a report or upon demand of any court, a certificate showing that a specified report has or has not been received by the Department, solely to prove a compliance or failure to comply with the requirement that such report be made to the Department."

It is patent from a perusal of the statement of facts that the identity of the driver of the speeding car was not otherwise known, and that appellant had plead not guilty to the complaint and information.

We think that the testimony herein is dependent on circumstantial evidence and by a comparison of handwriting based partially upon a signature to a bail bond, which signature is not shown to have been made by appellant, although it contains his purported signature.

We do not think the testimony herein shown is sufficient to establish beyond a reasonable doubt that appellant was the driver of the car that struck Mrs. Grimes' automobile, and our State's Attorney agrees with this contention.

The judgment will therefore be reversed and the cause remanded.